# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EAST ATLANTIC SERVICES & TRADING LLC**<br>549 SW 16TH STREET<br>BOCA RATON, FL 33432<br><br>*AND*<br><br>**CLEVERSON BALTAR VIEIRA**<br>11391 WHISPER SOUND DRIVE<br>BOCA RATON, FL 33428<br><br>*Plaintiffs,*<br><br>vs.<br><br>**ALEJANDRO MAYORKAS,** IN HIS OFFICIAL CAPACITY AS SECRETARY, U.S. DEPT. OF HOMELAND SECURITY<br>C/O OFFICE OF THE GENERAL COUNSEL<br>245 MURRAY LANE, SW<br>MAIL STOP 0485<br>WASHINGTON, DC 20528-0485;<br><br>**UR MENDOZA JADDOU**, IN HER OFFICIAL CAPACITY AS DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES<br>C/O OFFICE OF CHIEF COUNSEL<br>5900 CAPITAL GATEWAY DRIVE<br>MAIL STOP 2120 | **CASE NO. 1:23-CV-1946**<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT** |

CAMP SPRINGS, MD 20588-0009;

*AND*

**CONNIE NOLAN,** IN HER
OFFICIAL CAPACITY AS
ASSOCIATE DIRECTOR, USCIS
SERVICE CENTER OPERATIONS
DIRECTORATE
C/O OFFICE OF CHIEF COUNSEL
5900 CAPITAL GATEWAY DRIVE
MAIL STOP 2120
CAMP SPRINGS, MD 20588-0009

*Defendants.*

Comes now, East Atlantic Services & Trading LLC (hereinafter "East Atlantic" and/or "petitioner") and Mr. Cleverson Balta Vieira (hereinafter "Mr. Vieira", "beneficiary" and/or "applicant") by and through undersigned counsel to file this civil action seeking declaratory relief and review of agency action under the Administrative Procedure Act based on Defendants' unjust and arbitrary revocation and denial of the I-140 Immigrant Petition for Alien Worker filed by the petitioner to classify Mr. Vieira as a multinational executive or manager and also, Mr. Vieira's and his dependents' I-485 Applications to register Permanent Residence or Adjust Status.

Therefore, Plaintiffs state the following in support of this action:

## PARTIES

1.  Plaintiff, East Atlantic Services and Trading LLC is a Florida limited liability company that was established on April 18, 2011. The petitioner is affiliated with the foreign company, Arca Engenharia LTDA, because both entities are majorly owned by Mr. Wagner Vieira. East Atlantic Services and Trading LLC filed an I-140 petition for immigrant worker on behalf of Plaintiff, Mr. Cleverson Vieira.

2.   Plaintiff, Mr. Cleverson Vieira, is a native and citizen of Brazil. He was lawfully employed by East Atlantic Services & Trading LLC, as a multinational manager, pursuant to an approved L-1A visa and I-140 petition.

3.   Defendant, Alejandro Mayorkas, is the duly appointed Secretary of the Dept. of Homeland Security. In the official capacity as the Secretary, he oversees the United States Department of Homeland Security (hereafter "DHS"), which includes the sub-agency, USCIS, and verifying that the Immigration and Nationality Act (hereafter "INA") regulations are being implemented. He is further authorized to delegate certain powers and authority to subordinate employees of USCIS.

4.   Defendant, Ur Mendoza Jaddou, is duly appointed as the Director of USCIS, with the duty to oversee the adjudication of immigration benefits pursuant

to the Immigration and Nationality Act, 8 U.S.C. §1101 et. seq.  This duty includes the requirement to complete proceedings within a reasonable time, including adjudicating EB-1 immigrant visa petitions and adjustment of status applications.

5.    Defendant, Connie Nolan, is sued in her official capacity as the Associate Director for the USCIS Service Center Operations Directorate. Ms. Renaud's Service Center Operations Directorate provides services for persons seeking immigration benefits and provides decisions to individuals requesting immigration benefits, including the Texas Service Center where both the petitioning employer's I-140 petition was revoked, and Mr. Vieira's and his dependents' I-485 applications were denied.

## **JURISDICTION AND VENUE**

6.    Pursuant to 28 U.S.C. § 1331, 5 U.S.C. § 701 and 702, and 28 U.S.C. § 2201, et seq. jurisdiction in this case is proper and relief is requested pursuant to these statutes.

7.    Specifically, this Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. § 555(b) & § 706(1), the Administrative Procedures Act; 8 U.S.C. §1329, Immigration & Naturalization Act, and 28 U.S.C. § 1361, which gives the district courts "original jurisdiction of

any action in the nature of mandamus to compel an officer or employee of the United States, or any agency therefor to perform a duty owed to the plaintiff.

8.  Furthermore, the Declaratory Judgment Act, 28 U.S.C. 2201, provides that "in a case of actual controversy within its jurisdiction … any court of the U.S., upon filing of an appropriate pleading, may declare the rights of any interested party seeking such declaration, whether or not further relief could be sought."

9.  28 U.S.C. § 1391(e), as amended, provides that venue for suits against the U.S., a federal agency, or a federal official acting in his or her official capacity, can be brought in any one of the three judicial districts where: 1) where a defendant resides; 2) where a substantial part of the events or omissions giving rise to the claim occurred; or 3) where the plaintiff resides if no real property is involved.

10.  Venue is proper in this District because this is an action against officers and agencies of the U.S. in their official capacities, brought in this district where the defendants reside. As already mentioned above, the Defendant, Alejandro Mayorkas is sued in his official capacity as Secretary of Dept. of Homeland Security, a U.S. federal agency and resident of this district. Also, the defendant, Ur Mendoza Jaddou is sued in her official capacity as the Director of USCIS, a federal district and resident in this district. Finally, the defendant, Connie Nolan is

sued in her official capacity as Acting Director for the USCIS Service Center Operations Directorate and, a U.S. federal agency.

11.  Furthermore, because national policy concerning the adjudication of petitions and applications for immigration benefits – including immigrant visa petitions and adjustment of status is devised by the U.S. Dept. of Homeland Security and implemented by USCIS, venue is proper in this district.

12.  Therefore, under 28 U.S.C. § 1391(e)(2) & (3), venue is proper in the U.S. District Court of Columbia (D.C.).

## STATUTORY AND REGULATORY BACKGROUND

13.  The INA provides for immigrant visas to be made available each year to a certain number of foreign workers who fall within the employment-based categories, including in the EB-1 first preference category: EB-1C.

14.  The EB-1C is for those non-immigrants employed as managers or executives at multinational enterprises (8 U.S.C. § 1153(b)(1)(C)].

15.  This visa category allows foreign nationals who have worked for a foreign company in a managerial or executive capacity for one of the last three years prior to coming to the U.S. and who are coming to the U.S. to work for the same employer (or an affiliate or subsidiary thereof) in a managerial or executive capacity to obtain lawful permanent residence in the U.S.

16. The employer must first submit to USCIS an I-140 Petition for Alien Worker demonstrating that the beneficiary or employee qualifies for the classification sought.

17. Then that foreign national, such as Mr. Vieira's case, of an approved I-140 petition can apply to become a lawful permanent resident [8 U.S.C. § 1255(a)].

18. The beneficiary makes this request to USCIS by filing an I-485, Application to Register Permanent Residence or Adjust Status [8 C.F.R. § 245.2(a)(3)(ii)].

19. A beneficiary of most employment-based petitions can simultaneously file their I-485 application when their employer/petitioning entity files the I-140 petition [8 C.F.R. § 245.2(a)(2)(i)].

20. In addition, a petition portability provision was added to the INA pursuant to § 106(c) of the American Competitiveness in the Twenty-First Century Act of 2000, Pub. L. No. 106-313, 114 Stat. 1251 (2000).

21. The portability provision allows an approved or pending I-140 immigration petition filed on behalf of a foreign national under INA § 203(b)(1)(B), 203(b)(1)(C), 203(b)(2), or 203(b)(3) to remain valid if 1) the foreign national's adjustment of status application has been filed and remained pending for 180 days

or more, 2) the foreign national changes jobs or employers and the new job is in the same or similar occupational classification.

22. If USCIS revokes a petition or receives a withdrawal request from a petitioner 180 days or more after the approval of the petition, or a corresponding adjustment application has been pending for 180 days or more, the petition remains valid for priority date retention. The applicant may be eligible under INA 204(j) for the adjustment application  if he or she satisfies all of the requirements to port based on a new same or similar position and the adjustment application has been pending 180 days or more at the time of withdrawal (See 8 CFR 205.1(a)(3)(iii)(C), 8 CFR 205.1(a)(3)(iii)(D), and 8 CFR 245.25(a)(2)(iii).

## **FACTUAL BACKGROUND**

23.    Mr. Vieira last entered the U.S. on November 14, 2015, under L-1A status, as a multinational manager working for the petitioner, East Atlantic Trading and Services LLC, and his L-1A status was valid until April 26, 2018.

24.    Prior to the expiration of his L-1A status, on February 19, 2016, the petitioner filed an I-140 Petition for Immigrant Alien Worker, under the EB-1C category, on behalf of Mr. Vieira (USCIS Receipt #: SRC1690145615).

25.    Then on February 11, 2017, that I-140 petition was approved by USCIS.

26.     Later, while maintaining his non-immigrant status, Mr. Vieira and his dependents timely filed their I-485 applications, based on the approved I-140 petition (USCIS Receipt #: SRC1790606682).

27.     On December 27, 2017, Mr. Vieira received a Request for Evidence ("RFE") on his pending I-485 application.

28.     The applicant timely filed the I-485 RFE response in January of 2018, which included a properly completed and signed Form I-485 Supplement J to corroborate that the job offer specified within the underlying approved I-140 petition under the EB-1C category filed by East Atlantic Services & Trading LLC continued to exist.

29.     USCIS then scheduled Mr. Vieira's and his family's I-485 initial interviews at the USCIS in Palm Beach, Florida on May 1, 2018.

30.     On May 1, 2018, Mr. Vieira and his family attended their I-485 applications' initial interviews; however, the adjudicating officer did not approve their cases and notified them to wait additional time while the case continued to be processed.

31.     More than a year later, on September 11, 2019, instead of a issuing a decision on the pending I-485 applications, USCIS informed Mr. Vieira that their

I-485 applications were transferred to the Texas Service Center, to speed up the processing of the applications.

32.   With no further updates or communication from USCIS, three years later, in 2020, Mr. Vieira's counsel sent multiple inquiries to USCIS online and through the mail, requesting status on the pending I-485 applications.

33.   However, USCIS failed to respond and/or provide an accurate update on the pending I-485 applications.

34.    On or around April 15, 2020, USCIS alleges it sent the petitioner and counsel a Notice of Intent to Revoke ("NOIR") on the approved I-140 petition.

35.   Later, on December 2, 2020, USCIS revoked and denied the I-140 petition alleging that the petitioner never sent the response to the NOIR.

36.   It was until receiving this I-140 petition's revocation decision that the petitioner and counsel finally discovered that USCIS had sent a NOIR earlier that year.

37.   Immediately thereafter, petitioner's counsel made several written and online inquiries to USCIS requesting a copy of the NOIR be mailed to the correct address(es) because up to that date, neither party had received the notice.

38.   Since USCIS failed to respond to the multiple inquiries made by counsel, on July 13, 2021, petitioner's counsel filed a Freedom of Information Act (FOIA)

request with USCIS in hopes of obtaining a copy of the immigration record for Mr. Vieira, which should include a copy of the NOIR.

39.    On August 21, 2021, USCIS provided the plaintiffs' counsel with the FOIA records, which included 340 pages released in its entirety, 38 pages released in part, and withholding 25 pages in full. Within the FOIA records, the parties were finally able to review a copy of the NOIR.

40.    However, considering that it had been more than a year since the NOIR had been allegedly mailed to the parties, the petitioner could not file Motion to Reopen or Reconsider the I-140's revocation decision.

41.    As a result of the I-140 petition being revoked and almost two years later from when the applicant had his I-485 interview, on February 21, 2021, USCIS denied the applicant and his family's I-485 applications.

42.    On May 26, 2021, Mr. Vieira filed Form I-290B, Notice of Motion to Reopen and Reconsider the denial of his and his family's I-485 applications (USCIS Receipt #: IOE0912056061).

43.    Within this Motion to Reopen and Reconsider ("MTRR")'s support letter, counsel once again notifies USCIS that the I-140 petition's revocation notice and the I-485 application's denial notice were not sent to either party or counsel.

44.   The MTRR includes evidence that Mr. Vieira's counsel made a total of 4 online and 2 mailed written inquiries regarding the I-485 applications being outside normal processing times (MTRR, 4).

45.   In addition, the MTRR affirms that counsel also sent USCIS a letter via mail verifying that USCIS had the correct address for counsel and Mr. Vieira (MTRR, 5-6).

46.   Within this same MTRR, counsel states that it was not until 2019, two years later that USCIS had adjudicated the I-140 petition, that the petitioner, East Atlantic Services and Trading LLC moved its business address to another location in Florida. (MTRR, 6).

47.   However, it is emphasized in the MTRR, that under the INA and 8 C.F.R. 265.1 only non-immigrants or lawful permanent residents that move to a new residence must inform USCIS of the new address within 10 days of moving.

48.   In addition, USCIS strongly encourages to update address with USCIS only if that individual has a pending petition or application.

49.   Therefore, East Atlantic Services and Trading LLC did not inform USCIS right away in 2019 that they moved to another address because it was already almost two years since the I-140 was approved and that petition no longer required further action. (MTRR, 6).

50.   In the MTRR, petitioner's counsel repeatedly argued that failure to respond to the NOIR is not due to abandonment of the case and it is not the fault of either of the plaintiffs (MTRR, 8).

51.   While USCIS has the power to revoke an approved petition or application, there was an unreasonable delay in the revocation.

52.   In addition, there was an unreasonable delay on Mr. Vieira's and his family's I-485 applications because post-initial interview, USCIS transfers the case to the Texas Service Center and keeps the case sitting there with no further updates or action until two years later that USCIS denied the cases. (MTRR, 8-9).

53.   On November 17, 2022, almost a year later, USCIS dismissed the I-485's MTRR because allegedly the motion did not provide new facts or did it give reasons for reconsideration supported by any pertinent precedent decisions.

54.   The I-485 MTRR's decision notice fails to discuss any of the evidence submitted with the motion that rebuts this contention, or any of the other erroneous statements in the I-485 denial notice.

55.   USCIS also failed to afford Mr. Vieira the portability provisions of Section 106c of the American Competitiveness of the Twenty-First Century (AC-21) when it revoked and denied the I-140 petition almost two years later.

56.   As already mentioned, in 2000, Congress enacted the American Competitiveness in the Twenty-First Century Act of 2000[1] ("AC21") which, in part, added INA 204(j). This provision allows certain employment-based adjustment of status applicants experiencing delays in the employment-based adjustment of status process some flexibility to change jobs or employers while their Application to Register Permanent Residence or Adjust Status (Form I-485) is pending[1].

57.   The intention of Congress in enacting AC21 was to protect the right of immigrants to change jobs without having to restart the entire immigration process.

58.   Therefore, upon revocation of the underlying I-140 petition, USCIS should have issued another RFE on the pending I-485 application notifying Mr. Vieira that he would need to file a new form I-485J signed by another employer, according to the AC-21 I-140 portability provisions.

59.   As such, Defendants' wrongful revocation of the I-140 petition, denials of the I-485 applications and dismissal of the I-485'MTRR leaves Mr. Vieira and his family without lawful status and subject to removal from the United States.

---

[1] See Section 106(c) of AC21, Pub. L. 106-313 (PDF), 114 Stat. 1251, 1254 (October 17, 2000). See 8 CFR 245.25.

60.   Defendants' wrongful denials of the I-140 petition, I-485 application and MTRR interfere with Mr. Vieira's ability to successfully be legally employed in the U.S. and subject him to substantial financial harm. The improper revocation of the I-140 petition and the unjust denial of Mr. Vieira's and his family's adjustment of status applications have created a financial burden on Mr. Viera having to file multiple motions on all denied cases.

61.   Most importantly, if Mr. Vieira's and his family's I-485 applications 'decisions are upheld, it will be impossible for them to reapply for adjustment of status in the future.

62.    Plaintiff's counsel submitted within the I-485's MTRR, evidence that that the applicant and his family have established a life here already for over six years.

63.    It is unfair that Mr. Vieira and his family are forced to leave their home, leave their job(s), and the country due to USCIS' procedural error and unreasonable delay.

64.   Procedural due process under the Fifth Amendment to the U.S. Constitution requires that the government afford a person the opportunity to be heard at a meaningful time and in a meaningful manner[2].

65.   If USCIS had given proper notice to both plaintiffs and counsel, then the petitioning employer, East Atlantic and Trading LLC would have timely filed a response to the I-140 NOIR. (MTRR, 10).

66.If USCIS, after revoking the I-140, had afforded Mr. Vieira the portability provisions of AC21, Mr. Vieira would have timely filed a new form I-485J from a different employer and his I-485 would have been approved.

## **EXHAUSTION OF REMEDIES**

67.   Plaintiffs have exhausted their administrative remedies.

68.   Plaintiff filed an I-290B Motion to Reopen and Reconsider the denial of the I-485 application and that motion was dismissed by USCIS. The denial of the I-485 application and Motion to Reopen and Reconsider are final agency actions.

69.    Neither the Act nor U.S. Dept. of Homeland Security's regulations via 8 C.F.R. § 103.3(a) require administrative appeal of the denial.

---

[2] https://civilrights.uslegal.com/due-process-violation/procedural-due-process/procedural-requirements/

70.   In addition, under 5 U.S.C. §§ 702, 704, the Plaintiff and his family have suffered a "legal wrong" and have been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

## CLAIMS FOR RELIEF:

### I.   ADMINISTRATIVE PROCEDURE ACT VIOLATION

71.   Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth here.

72.   The denials of the I-140 petition, I-485 applications and motion to reopen/reconsider are agency action under the Administrative Protective Act ("APA").

73.   Pursuant to 5 U.S.C. § 702, the APA governs the review of agency action where a person has suffered a "legal wrong" or has been "adversely affected or aggrieved by agency action.

74.   Here, indeed the denials of the I-140 petition, I-485 applications and motion to reopen/reconsider are improper and reviewable under 5 U.S.C. § 702.

75.   It is understood that in an APA suit, the court's review is largely limited to the contents of the administrative record … the court thus sits as an appellate tribunal to determine whether as a matter of law, the record supports the agency's decision. [*Khedkar v. USCIS*, 2021 U.S. Dist. LEXIS 146437, *7 (D.D.C. 2021)].

76.   5 U.S.C. 706(2) states that "the reviewing court shall … hold unlawful and set aside agency action, findings, and conclusions found to be – arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

77.   Therefore, under this standard of review, the agency's decision will be reversed if it "*entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or it is so implausible that it could not be ascribed to a difference in view or the product of agency expertise*" [DHS v. Regents of the Univ. of Cal, 140 S. Ct. 1891, 1913(2020)].

78.   First, the agency's decision to revoke the I-140 petition should be reversed because USCIS failed to consider an important aspect of the problem in this case.

79.   Petitioner's counsel attempted to communicate with USCIS several times to notify them that counsel nor the petitioner received the I-140's NOIR via mail.

80.   But even USCIS argues that the revocation decision is committed by the Attorney General's unfettered discretion, § 1252(a)(2)(B)(ii) would not deprive this Court of jurisdiction because Plaintiffs are not asking the Court to second guess USCIS' decision to revoke the I-140 Petition.

81.   Instead, the Plaintiffs request to be granted an opportunity to be heard and respond to the NOIR before USCIS makes its final decision. The question of whether USCIS must give them that opportunity is a purely legal question over which this Court retains jurisdiction.

82.   Second, Mr. Vieira's I-485 application's decision should be reversed because USCIS never afforded Mr. Vieira and his family the portability provisions of the AC21 despite being required to.

83. Third, the I-485's MTRR's decision provides a minimal explanation for its denial which is contrary to the evidence before the agency. The I-485 MTRR's decision notice only provides one sentence as to why the Motion to Reopen should be denied: "*As for your motion to reopen, a motion to reopen must be based on new or previously unavailable evidence*" (MTRR Decision Notice, 2).

84.   USCIS' regulations permits an individual to file a motion to reopen a petition or application denied due to abandonment with evidence that the decision was in error because: 1) the requested evidence was not material to the issue of eligibility, 2) the required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or 3) the request for additional information or appearance was sent to an address other than that on the

application, petition, or notice of representation, or you advised USCIS in writing, of a change of address or change of representation subsequent to filing and before USCIS' request was sent, and the request did not go to the new address.

85.   Defendants' decision to deny Plaintiff's I-140 petition and Mr. Vieira's and his family's I-485 applications and I-485's motion to reopen/reconsider is considering a record proving substantial evidence that neither petitioner nor counsel received the I-140's Notice of Intent to Revoke.

86.   This is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, and it should be held unlawful and set aside, under 5 U.S.C. § 706(2)(A) and (D).

87.   Defendant's, USCIS' factual findings are clearly erroneous and not supported by the record because no connection exists between the conclusions asserted by USCIS in its denial and the facts in the records.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment on their behalf consisting of the following:

(1).  Assume jurisdiction and proper venue over this action.

(2). Order USCIS to reopen the I-140 Petition and compel Defendants to give opportunity to Plaintiff, East Atlantic & Trading Services LLC, to respond to the

Notice of Intent to Revoke the approved I-140 petition, given that neither Plaintiff nor counsel timely received the NOIR via mail.

(3). Order USCIS to reopen the denied I-485's Applications for Adjustment of Status of Mr. Vieira and his derivatives' and, order USCIS to afford Mr. Vieira and his derivative family members the portability provisions of AC-21.

(4). Issue an order declaring that Defendants' denials of Mr. Vieira's and his dependents' I-485 applications are violative of the INA's regulations and Administrative Procedure Act, erroneous as a matter of law and fact, arbitrary and capricious, an abuse of discretion, not otherwise in accordance with law, and violative of procedural due process.

(5). Award Plaintiff reasonable costs and attorney's fees under the Equal Access to Justice Act, 22 U.S.C. § 2412; and

(6). Award such further relief as the Court deems just, necessary, or proper.

Date: July 6, 2023

Respectfully submitted,

/s/ Daniel Joseph Jones

---

Daniel Joseph Jones
DC Bar #1035028
Law Office of D. J. Jones PLLC
2101 L St NW Suite 300
Washington, DC 20037
Telephone: 202-750-4637
E-mail: joe@djjon.es

/s/ Marcelo Gondim

---

Marcelo Gondim
CA Bar #271302
(*pro hac vice* admission pending)
Gondim Law Corp.
2121 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
Telephone: 323-282-777
Email: marcelo@gondim-law.com

*Attorneys for Plaintiffs*