# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **EAST ATLANTIC SERVICES &**<br>**TRADING LLC**, *et al.*, | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Case No. 23-1946 (RJL)** |
| | ) | |
| **ALEJANDRO N. MAYORKAS**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

(September 27, 2024) [Dkt. #11, 12, 18]

Plaintiff East Atlantic Services & Trading LLC ("East Atlantic Services") employed plaintiff Cleverson Vieira ("Vieira") as a multinational manager and filed an I-140 immigration petition on his behalf. The United States Citizenship & Immigration Services ("USCIS") initially approved the petition. Later, Vieira filed I-485 applications to change his and his family's status to that of lawful permanent residents. Some time later, USCIS determined that the I-140 petition should be revoked. It sent a Notice of Intent to Revoke ("NOIR") to the plaintiffs, but they never received it. After receiving no response, USCIS revoked the I-140 petition. Later, it denied the I-485 applications, noting that they did not have a valid I-140 petition to support them.

Plaintiffs sued, alleging that USCIS's decisions revoking the I-140 petition and I-485 applications without giving them notice and an opportunity to respond violated the Administrative Procedure Act ("APA"). USCIS then reopened the I-140 petition and gave

plaintiffs an opportunity to submit further evidence in support of the petition. The government defendants then moved to dismiss.

After briefing on the motion to dismiss concluded, and after reviewing the additional evidence submitted by plaintiffs, USCIS again revoked the I-140 petition. Plaintiffs then filed a motion to amend the complaint in this case, seeking to add new facts related to the most recent revocation and to add a due process claim to the complaint.

Pending now are defendants' motion to dismiss, defendants' motion for relief from Local Civil Rule 7(n), and plaintiffs' motion to amend the complaint. Because plaintiffs' claims are nonjusticiable, and because their proposed amendments would be futile, I will **GRANT** defendants' motions and **DENY** plaintiffs' motions.

## I.    Background

### A.    Legal Framework

The Immigration and Nationality Act ("INA") allows certain immigrants to obtain permanent residency through the sponsorship of their employer. *iTech U.S., Inc. v. Renaud*, 5 F.4th 59, 60 (D.C. Cir. 2021); *see* 8 U.S.C. §§ 1153(b), 1255(a). One such category of immigrants is certain "multinational executives and managers." 8 U.S.C. § 1153(b)(1)(C). This category allows foreign nationals who have worked in a managerial or executive capacity for at least one year in the last three years to come to the United States to work as a manager or executive for the same employer (or an affiliate or subsidiary). *Id.* Once a foreign national receives an immigrant visa in this category, he may apply to become a lawful permanent resident. *Id.* § 1255(a).

There are three steps in this process.  *iTech*, 5 F.4th at 60.  First, the Department of Labor must certify that: (1) there are not other able, willing, and qualified candidates for the position; and (2) that the foreign national's employment will not adversely affect the wages and working conditions of others similarly employed.  *Id.*; 8 U.S.C. § 1182(a)(5)(A). Next, the employer must submit an I-140 immigrant visa petition on behalf of the employee.  *iTech*, 5 F.4th at 60; 8 U.S.C. § 1154(a)(1)(F); 8 C.F.R. § 204.5.  Once the I-140 petition is granted and the employee has been granted an immigrant visa, he may file a Form I-485 to adjust his status to that of a lawful permanent resident.  *iTech*, 5 F.4th at 61; 8 U.S.C. § 1255(a); 8 C.F.R. § 245.2.

To give immigrant workers the flexibility to change jobs when there are delays in processing their I-485 applications, Congress amended the INA to include a "portability provision."  *Khedkar v. U.S. Citizenship & Immigr. Servs.*, 552 F. Supp. 3d 1, 6 (D.D.C. 2021) (quoting *Ravulapalli v. Napolitano*, 773 F. Supp. 2d 41, 45 (D.D.C. 2011)).  This provision states that an immigrant's I-140 petition will remain valid in support of his I-485 application if: "(1) the immigrant's I-485 application has been pending for 180 days or more and (2) the new job is 'in the same or a similar occupational classification' as the one for which the immigrant's original employer filed the petition."  *Id.* (quoting 8 U.S.C. § 1154(j)); *see also* 8 C.F.R. § 245.25(a)(2).

Any petitions that have been approved under 8 U.S.C. § 1154—which includes I-140 petitions—may be revoked "at any time" if the Secretary of Homeland Security "deems [there] to be good and sufficient cause."  8 U.S.C. § 1155; *see id.* § 1154(a)(1)(F). The Secretary has delegated this revocation authority to any officer of the USCIS

"authorized to approve a petition under [§ 1154]." 8 C.F.R. § 205.2; *see id.* § 2.1. If "the necessity for the revocation comes to the attention of" the USCIS, a USCIS officer may revoke an I-140 petition after giving "notice to the petitioner" and "opportunity to offer evidence in support of the petition." *Id.* § 205.2(a), (b).

B.    **Factual and Procedural History**

East Atlantic Services employed Vieira as a multinational manager and filed an I-140 petition on his behalf on February 19, 2016. Compl. [Dkt. #1] ¶¶ 23, 24. USCIS approved the petition on February 11, 2017. *Id.* ¶ 25. Sometime thereafter, Vieira and his dependents filed I-485 applications to become lawful permanent residents. *Id.* ¶ 26. He submitted further documentation in support of his I-485 application in January 2018, and he and his family were interviewed on May 1, 2018. *Id.* ¶¶ 27–28, 30. The applications remained pending for years. *See id.* ¶¶ 30–33.

On April 15, 2020, USCIS sent East Atlantic Services a NOIR, explaining that it intended to revoke the approved I-140 petition. *Id.* ¶ 34. However, neither East Atlantic Services nor Vieira received it. *Id.* ¶ 37. After receiving no response to the NOIR, USCIS revoked the I-140 petition on December 2, 2020. *Id.* ¶ 35. Shortly thereafter, on February 21, 2021, USCIS denied the I-485 applications submitted by Vieira and his dependents. *Id.* ¶ 41. On May 26, 2021, Vieira filed a motion to reopen the denial of the I-485 applications. *Id.* ¶ 42. USCIS dismissed the motion on November 17, 2022. *Id.* ¶ 53.

On July 6, 2023, plaintiffs filed a one-count complaint against Secretary of Homeland Security Alejandro Mayorkas, USCIS Director Ur Jaddou, and USCIS Associate Director Connie Nolan in their official capacities. *See* Compl. They allege that

USCIS's revocation of the I-140 petition, denial of the I-485 applications, and dismissal of the motion to reopen were arbitrary and capricious, in violation the APA. Compl. ¶¶ 71–87. They request an order from this Court that: (1) requires USCIS to reopen the I-140 petition and give plaintiffs the opportunity to respond to the NOIR; (2) requires USCIS to reopen the I-485 applications and "afford Mr. Vieira and his derivative family members the portability provisions" in the INA; and (3) declares USCIS's denial of the I-485 applications a violation of the APA. Compl. at 20–21.

On August 31, 2023, after the lawsuit was filed, USCIS withdrew the decision revoking the I-140 petition. Defs.' Mot. to Dismiss ("Mot") [Dkt. #11] Ex. 1 at 2–3.[1]   On October 4, 2023, USCIS sent the parties a new NOIR and gave them an opportunity to respond. Mot. Ex. 2 at 2, 13.

On October 16, 2023, defendants filed a motion to dismiss for lack of jurisdiction and a motion for relief from Local Civil Rule 7(n). Mot.; Defs.' Mot. for Relief from Loc. R. 7(n) ("Mot. for Relief") [Dkt. #12].

East Atlantic Services provided additional documentation in response to the NOIR on November 6, 2023. Defs.' Opp. to Pls.' Mot. to Amend the Compl. ("Opp. to Mot. to Amend") [Dkt. #19] Ex. 1 at 1. Plaintiffs then filed their opposition to defendants' motions on November 22, 2023. Pls.' Opp. to Defs.' Mot. to Dismiss & Mot. for Relief ("Opp.") [Dkt. #14]. Defendants filed their reply on November 29, 2023. Reply in Support of Defs.' Mot. to Dismiss and Mot. for Relief from Loc. R. 7(n) ("Reply") [Dkt. #15].

---

[1] For all exhibits, the page numbers cited are those generated at the top of the page by ECF.

After reviewing the additional documentation plaintiffs submitted, USCIS revoked the I-140 petition on December 12, 2023.[2]  Opp. to Mot. to Amend Ex. 1 at 1–12.  Plaintiffs moved for leave to amend the complaint on January 24, 2024, seeking to add facts related to the recent denial of the I-140 petition and a claim for a violation of due process.  Pls.' Mot. to Amend the Compl. ("Mot. to Amend") [Dkt. #18]; *id.* at 8–9.  Defendants filed their opposition on January 31, 2024.  Opp. to Mot. to Amend.

## II.   MOTION TO DISMISS

### A.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is a "threshold challenge to the Court's jurisdiction," requiring the Court to "determine whether it has subject matter jurisdiction in the first instance." *Taylor v. Clark*, 821 F. Supp. 2d 370, 372 (D.D.C. 2011) (quoting *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009)).  When a defendant files a motion to dismiss under 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of the evidence, that the Court has subject matter jurisdiction. *Sawahreh v. U.S. Dep't of State*, 630 F. Supp. 3d 155, 158 (D.D.C. 2022) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).  At this stage, the Court must "assume the truth of all material factual allegations in the complaint and construe the complaint

---

[2] USCIS determined that the petition "was approved in error" because there was insufficient evidence to prove that Vieira was eligible for an immigrant visa as a multinational manager.  *See* Opp. to Mot. to Amend, Ex. 1 at 1.  It found that plaintiffs could not prove, by a preponderance of the evidence, that East Atlantic Services qualified as a "multinational" company; that Vieira was employed in a managerial capacity overseas and in the United States; that East Atlantic Services had the ability to pay Vieira's proffered wage; or that East Atlantic Services had been doing business in the United States for one year prior to the filing of the petition.  *Id.* at 2–10.  Finally, it found that East Atlantic Services had willfully misrepresented a material fact—whether "the foreign organization employed [Vieira] in a managerial capacity."  *Id.* at 10–11.

liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation omitted). The Court may also take judicial notice of facts "not subject to reasonable dispute" when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Hurd v. Dist. of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017) (court may consider facts subject to judicial notice on motion to dismiss).

### B.    Analysis

Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), arguing plaintiffs' claim related to the I-140 petition is moot and that plaintiffs lack standing to challenge USCIS's actions on the I-485 applications. *See* Mot. at 11–14. I agree with the defendants and, accordingly, will **GRANT** their motion to dismiss the complaint.

### 1.    I-140 Petition

Article III of the Constitution limits federal courts to adjudicating "actual, ongoing controversies." *Ralls Corp. v. Comm. on Foreign Inv. in the U.S.*, 758 F.3d 296, 321 (D.C. Cir. 2014) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). "Even where litigation poses a live controversy when filed, the doctrine requires a federal court to refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Am. Bar Ass'n v. Fed. Trade Comm'n*, 636 F.3d 641, 645 (D.C. Cir. 2011) (quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)). Thus, a claim requesting that an

agency act is "clearly moot" when the agency has already acted, as requested. *See Gray v. Off. of Pers. Mgmt.*, 771 F.2d 1504, 1514 (D.C. Cir. 1985).

That is the case here. Plaintiffs in their complaint seek "an opportunity to be heard and respond to the NOIR." Compl. ¶ 81. Accordingly, they ask this Court to "[o]rder USCIS to reopen the I-140 Petition" and give plaintiffs a chance to "respond to the Notice of Intent to Revoke the approved I-140 petition." *Id.* at 20–21. Defendants have indisputably done so, and plaintiffs do not deny this. *See* Mot. Exs. 1, 2; Opp. at 10 ("USCIS has given the Petitioner a second opportunity to respond to the Notice of Intent to Revoke"). "The government, in short, has already done . . . what plaintiffs have asked this Court to force the government to do." *González–Vera v. Townley*, 83 F. Supp. 3d 306, 311 (D.D.C. 2015). Thus, this claim is moot, and I will **GRANT** the defendants' motion to dismiss this claim.

### 2.   I-485 Applications

To establish constitutional standing to sue, a plaintiff must show that (1) he has suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent"; (2) the injury is "fairly traceable" to the challenged action of the defendant; and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61 (quotations omitted) (alterations adopted).

Plaintiffs do not have standing to challenge the denial of the I-485 applications or Vieira's motion to reopen because their injuries cannot be redressed by a favorable decision from this Court. Plaintiffs ask this Court to order USCIS to "reopen the denied I-485[] Applications for Adjustment of Status." Compl. at 21. But an approved I-140 petition is

required to support an I-485 application.  *See iTech*, 5 F.4th at 61; 8 U.S.C. § 1255(a); 8

C.F.R. § 245.2; *see also Raval v. U.S. Citizenship & Immigr. Servs.*, 369 F. Supp. 3d 205,

210–11 (D.D.C. 2019).  And USCIS has revoked the I-140 petition.  Opp. to Mot. to Amend

Ex. 1 at 1–12.  Without an approved I-140 petition, ordering USCIS to reopen the I-485

applications will not make it any more likely that those applications will be approved.  *See*

*Lujan*, 504 U.S. at 560–61.

Plaintiffs try to get around this problem by arguing that USCIS should have "issued

another [request for evidence] on the pending I-485 application" after revoking the I-140

petition and notified Vieira that he would need support from a new employer.  Compl. ¶ 58.

They argue that USCIS failed to "afford[] Mr. Vieira the opportunity" to make use of the

portability provisions.  Opp. at 11.  In essence, plaintiffs are arguing that once USCIS

intended to revoke the I-140 petition, it should have allowed Vieira to find a new job that

would support his I-140 petition.

Plaintiffs misunderstand how the portability provision operates.  The portability

provision allows I-485 applicants whose applications have been pending for 180 days to

accept "a new job . . . in the same or a similar occupational classification as the job for

which the petition was filed." 8 U.S.C. § 1154(j).  An immigrant is able to do this provided

that "[t]he approval of the qualifying petition has not been revoked."  8 C.F.R.

§ 245.25(a)(2)(iii).

First, plaintiffs have not alleged that Vieira had "a new offer of employment . . . in

the same or a similar occupational classification as the employment offered under the

qualifying petition." *Id.* § 245.25(a)(2).  But more importantly, the qualifying petition must

remain valid to support the immigrant's statutory right to make use of the portability provisions. *See* 8 U.S.C. § 1154(j); 8 C.F.R. § 245.25(a)(2)(iii).  So allowing the I-140 petition to remain valid even if Vieira took a new job would not insulate it from scrutiny: USCIS could nevertheless reassess the evidence supporting the original petition and revoke it, thus depriving Vieira of a basis for his I-485 application. *See Kondapally v. U.S. Citizenship & Immigr. Servs.*, 557 F. Supp. 3d 10, 23–24 (D.D.C. 2021); *Herrera v. U.S. Citizenship & Immigr. Servs.*, 571 F.3d 881, 886–89 (9th Cir. 2009).  Thus, affording Vieira the opportunity to accept a new job under the portability provisions would not prevent USCIS from revoking the underlying I-140 petition and, in turn, denying the I-485 applications.  Accordingly, I will **GRANT** the defendants' motion to dismiss these claims.

## III.   MOTION TO AMEND

After briefing on defendants' motion to dismiss concluded, plaintiffs filed a motion for leave to amend the complaint. *See generally* Mot. to Amend.[3]  Plaintiffs seek to challenge USCIS's December 12, 2023 revocation of the I-140 petition. *See id.* at 3. Because this Court lacks jurisdiction to review the revocation of an I-140 petition, I will **DENY** plaintiffs' motion for leave to amend.

### A.   Legal Standard

Ordinarily, the Court should "freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, the Court "may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to

---

[3] I note that plaintiffs failed to comply with Local Civil Rule 7(i), which requires a copy of the proposed pleading to be filed with any motion to amend.

dismiss." *Jibril v. Mayorkas*, 101 F.4th 857, 870 (D.C. Cir. 2024) (quoting *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).

**B.   Analysis**

Plaintiffs seek to amend their complaint to challenge the USCIS's most recent revocation of the I-140 petition. *See generally* Mot. to Amend.   They allege that USCIS's decision was "based on erroneous conclusion[s]" and that the evidence submitted showed that Vieira "still qualified for the immigrant visa petition." *Id.* at 3, 8.   Although they attempt to style this as a "due process claim against Defendants for the I-140 petition's revocation decision," they are in fact seeking to challenge the substance of the decision.[4] *See* Mot. to Amend at 9.   But decisions revoking I-140 petitions are not subject to judicial review.

The INA precludes judicial review of denials of discretionary relief. *See* 8 U.S.C. § 1252(a)(2)(B).   Under the statute, courts are stripped of jurisdiction to review "any judgment regarding the granting of relief under section . . . 1255" and "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." *Id.* § 1252(a)(2)(B)(i), (ii).

---

[4] Even if I were to interpret this as a due process claim, amendment would be futile.  It is indisputable that plaintiffs got an opportunity to respond to the NOIR. *See* Opp. at 16 (confirming that East Atlantic Services responded to the NOIR); Opp. to Mot. to Amend, Ex. 1 at 1 ("The petitioner's response to the NOIR was received on November 6, 2023, and incorporated into the record.").  And, more importantly, plaintiffs have failed to show how they could establish a protected property interest in an immigrant visa. *See Smirnov v. Clinton*, 806 F. Supp. 2d 1, 12 (D.D.C. 2011); *Patel v. Johnson*, 2 F. Supp. 3d 108, 127 (D. Mass. 2014).

Our Circuit Court has squarely held that § 1252(a)(2)(B)(ii) precludes judicial review of decisions to revoke I-140 immigrant petitions. *iTech*, 5 F.4th at 68. Thus, an amendment to the complaint seeking to challenge USCIS's revocation of the I-140 petition is futile, because this Court cannot review any such claim. Accordingly, I will **DENY** plaintiffs' motion to amend the complaint.

## IV.    MOTION FOR RELIEF FROM LOCAL RULE 7(n)

Lastly, defendants filed a motion for relief from Local Civil Rule 7(n), which requires the filing of a certified list of the contents of the administrative record simultaneously with the filing of a dispositive motion. Because I do not rely on the administrative record to decide the motions at issue, and because I agree with the defendants that the complaint should be dismissed, I will **GRANT** the defendants' motion for relief. *See Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (waiving compliance with Local Civil Rule 7(n) "because the Court need not consider the administrative record in evaluating the motions before it").

## V.    Conclusion

For the foregoing reasons, defendants' motion to dismiss and motion for relief are **GRANTED** and plaintiffs' motion to amend the complaint is **DENIED**. An order consistent with this decision accompanies this Memorandum Opinion.


RICHARD J. LEON
United States District Judge